UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | | |
|---|---|---|
| CEMENT MASONS AND PLASTERERS LOCAL NO. 502 PENSION FUND, | ) ) ) | Case No. LA CV 24-01219-MEMF-(MRWx) |
| Plaintiff, | ) ) | Los Angeles, California |
| vs. | ) ) | Thursday, October 24, 2024 |
| INMODE LTD., et al, | ) ) | (10:52 a.m. to 11:10 a.m.) |
| Defendants. | ) ) | |

TRANSCRIPT OF PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL
BEFORE THE HONORABLE MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE

Appearances:                    See next page.

Court Reporter:                 Recorded; CourtSmart

Courtroom Deputy:               Damon Berry

Transcribed by:                 L. Caldwell
                                Echo Reporting, Inc.
                                9711 Cactus Street
                                Suite B
                                Lakeside, CA 92040
                                (858) 453-7590

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

*Echo Reporting, Inc.*

2

APPEARANCES:

For the Plaintiff:          EMMA GILMORE, ESQ.
                            Pomerantz LLP
                            600 Third Avenue
                            Twentieth Floor
                            New York, New York 10016
                            (212) 661-1100

For the Defendants:         GLENN K. VANZURA, ESQ.
                            JACQUELINE M. VALLETTE, ESQ.
                            Mayer Brown LLP
                            333 South Grand Avenue
                            Forty-Seventh Floor
                            Los Angeles, California 90071
                            (213) 229-9500

3

<u>Los Angeles, California; Thursday, October 24, 2024 10:52 AM</u>

--o0o--

(Call to Order)

THE CLERK:  Now calling Item Number 5, Case Number LA CV 24-01219, Cement Masons and Plasterers Local Number 502 Pension Fund versus InMode Ltd., et al.

Counsel, please state your appearance.

MS. GILMORE:  Good morning, your Honor.  Emma Gilmore from Pomerantz for the Plaintiffs Meitav and the Futures Funds.

MR. VANZURA:  Good morning, your Honor.  Glenn Vanzura for Mayer Brown, for InMode Limited and the individual Defendants.

MS. VALLETTE:  Good morning, your Honor.  Jacqueline Vallette from Mayer Brown on behalf of the Defendants as well.

THE COURT:  And it looks like counsel for the original Plaintiff is not present, correct?

MS. GILMORE:  Yes, your Honor.  We don't expect them to appear, since they have not moved to be appointed lead.

THE COURT:  Okay.

MS. GILMORE:  So --

THE COURT:  Okay.  Wonderful.

The parties received the Court's tentative?

4

MS. GILMORE:  Yes, your Honor.  Thank you for the tentative ruling you issued ahead of this hearing.

THE COURT:  Okay.

MS. GILMORE:  Should I speak now or --

THE COURT:  I do have a couple of questions, and then you can address any concerns you have with the tentative.  It wasn't totally clear to the Court how the teachers' funds are related to one another.  Could you address that?

MS. GILMORE:  They've had -- the teachers' funds, I believe, are under the same umbrella of Israeli pension funds.

THE COURT:  And where is that identified in the papers, if at all?

MS. GILMORE:  It would be in the joint declaration.

THE COURT:  Okay.  Let's go to that.  Is that Exhibit D?

MS. GILMORE:  Yes, and I'm looking at paragraph three, but it basically stated there are additional investors that manage various funds for the benefit of the educators in Israel.

THE COURT:  Okay.  So what in the declaration indicates the nature of their relationship besides, or that, as you indicated, they're under the same umbrella?

MS. GILMORE:  I'm not sure if there's anything else that's more specific.  Just a second, your Honor.

THE COURT:  Okay.

MS. GILMORE:  I don't see it in the declaration.  If your Honor would like, we can submit something that's more specific as to that.

THE COURT:  Well, do you know?  Can you assert as an officer of the Court what the nature of the relationship is?

MS. GILMORE:  I am not more familiar -- I'm not familiar with any more particulars, other than what we have submitted to the Court, I'm afraid, your Honor.

THE COURT:  Okay.  And then another question is, it's clear to me from the moving papers that your clients have determined that they have the largest financial interests of the movants, but do you know whether your clients have the largest financial interests of all of the Plaintiffs?

MS. GILMORE:  And by -- I just want to make sure I understand your question.  From all of the Plaintiffs, there are many putative --

THE COURT:  Putative, yes.

MS. GILMORE:  -- class members.  So I would -- we would never know that.  I think what's required under the PSLRA is that the Court look at the moving -- the competing

6

movements, which were --

THE COURT: And where do you see that? What authority would you rely on for that?

MS. GILMORE: Well, it's the language of the PSLRA, and also the cases that interpret it.

THE COURT: Okay. So let's look at the statute. Where in the statute would you point to that?

MS. GILMORE: All right. So the PSLRA, so I'm at Section 78(u)(4).

THE COURT: Yes.

MS. GILMORE: So I -- and then I just want to walk the Court through the specific provisions. So, under little (a)(3)(A)(i), the person that files the initial complaint has 20 days to publish a notice, which they did the same day they filed the complaint here, which was, I believe, February 14.

THE COURT: Yes.

MS. GILMORE: In the notice, they have to give 60 days for any interested parties --

THE COURT: We can get to that. Can you just speak to my question, though? You indicated that the statute indicates that the question is whether the proposed lead Plaintiff has the largest financial interest of all the movants versus all the Plaintiffs. So that's what I was asking about, whether you -- any authority in support of

7

that.

MS. GILMORE:  I think that the subsections of the statute have to be read together to make that connection, and then I can take the Court to a couple of -- or cite a couple of cases that make that connection as well.  But that first provision that I noticed has to be read in conjunction with (3)(b)(i), which states that:

"Not later than 90 days after the date of the notice, the Court shall appoint the lead plaintiff, while considering all the motions made by a purported class member in response to the notice."

So the statute specifically gives 90 days for the Court to make a decision and appoint a lead plaintiff within a -- starting from -- the 90 days starts from the day the notice was published, and it must consider at that point the motions that have been filed by a purported class member within the 60 days that's required by the statute.

THE COURT:  Okay.  Counsel, just in view of the time, I want to use our time efficiently.  It sounds like there's not something specific that says that, but you think that the logic of the statute and the case law means that the Court looks at the question of whether you're greater than the other movant.

MS. GILMORE:  Yes.

8

THE COURT:  Okay.

MS. GILMORE:  And then I can -- if your Honor would like, I can cite a couple of cases that make clear that that's the case.

THE COURT:  Sure.  Let's look at those.

MS. GILMORE:  Okay.  So I think the more recent one, it's -- I don't know how to pronounced it.  It's Duffaydar, D-U-F-F-A-Y-D-A-R, v. Sonder Holdings, S-O-N-D-E-R, Holdings, and that's 24-cv-02952, 2024 WL 4454910.

THE COURT:  Okay.  I'm going to stop you right there, because it sounds like that's -- it's not binding authority.  It's another District Court.

MS. GILMORE:  Yes, that there is --

THE COURT:  Okay.  So let's move on.

MS. GILMORE:  Okay.

THE COURT:  You saw in the tentative that the Court's reading of Cavanaugh is that there is another stage that we have not done, and so the Court's proposal is to go ahead and do that stage.  It may be that nobody comes forward, and then you are declared the actual lead Plaintiff, but, at this stage, you've only shown enough to be the presumptive lead Plaintiff.  So I wanted to ask you to address that, the Court's proposal.  Yes.

MS. GILMORE:  Okay, your Honor.  We don't believe

9

the statute permits for an additional notice.  We think that that's very clear from the language of the statute, and that the PSLRA dictates the timing of appointing lead plaintiff, and that's very clear, that the Court should appoint a lead plaintiff 90 days from the notice, which is the initial and the only notice permitted under the statute, and the cases -- if you want -- if the Court finds helpful, I can walk the Court through the <u>Marshall</u> (phonetic) case, which is -- there are, unfortunately, not many cases from the Ninth Circuit that discuss this, but the <u>Marshall</u> case is -- can be illustrative to the Court, if we look at the District Court's opinion in that case, and how the --

THE COURT:  Sorry.  Just one moment.  One moment.  So, with respect to the notice, there's nothing in the statute which prohibits an additional notice, correct?

MS. GILMORE:  Well, if it's within the first -- the statute only speaks about one notice, and another notice --

THE COURT:  But it doesn't say another notice is prohibited, correct?

MS. GILMORE:  We don't believe -- it would have to be the same notice.  So I don't -- I would -- I believe that a different notice at this point would violate the statute, and I have not seen any cases that permit a second notice at this stage --

10

THE COURT:  Okay.  And where are we in --

MS. GILMORE:  -- unless there --

THE COURT:  Where are we in the 90-day period?

MS. GILMORE:  We have passed it.  It was running from the date of the notice, which was February 14th, so about -- so it will be February, March, April, May 15th, but I have seen some cases in which the Courts have, you know, taken longer to appoint a lead plaintiff from the first notice, and a couple of months longer.

THE COURT:  Okay.  And so what do you make -- thank you so much.  What do you make of Cavanaugh's discussion of a third step, and Cavanaugh's discussion that other plaintiffs may be able, for instance, to conduct discovery, which is what the Court -- that's one of the things that the Court is relying on in determining that there's got to be another period of time and another notice, for others to have the opportunity to rebut the presumptive lead plaintiff's showing.

MS. GILMORE:  And everything we've seen in practice, and through the language of the statute, is that everything has to come within -- you know, discovery or whatever needs to be done has to come within the 60-day -- or, I'm sorry, the 90-day period.  And if you look at the District Court's appointment of the plaintiff in that case, they all occurred within or just a little over that time.

11

The same for the -- I'm sorry, your Honor.  One second.  The same for the <u>Marshall</u> case.  The Court ruled, and appointed lead plaintiffs within the 90-day period after the notice was issued.

Now, for your Court's -- you know, I think it may -- if it may help the Court, there is one case we found that was recent from -- it's a District Court opinion. Sometimes, when a complaint is -- let's say now that the Court appoints the funds, and the funds are supposed to file an amended complaint.

Sometimes, when the lead plaintiff files an amended complaint that's completely different from the original complaint, adds, you know, completely different claims than before, sometimes courts require an additional notice at that point, because it really changes the nature of the whole lawsuit, but, even in those -- absent those facts, that's really not what the statute contemplates.  It contemplates for a very quick appointment, within the 90-day statutory period, but, if you'd like, I can cite for the Court the District Court case that discusses a subsequent notice which has to do with whether or not the amended complaint that the lead plaintiff files is completely different than the original complaint.

THE COURT:  And so how, if at all, do you think the third step has or can be satisfied in this case?

12

MS. GILMORE:  I think it's satisfied by the fact that all the competing movants at the time of -- within the time prescribed by the statute, which is a 90-day period, have filed notices of non-opposition, and we think clearly that's because they realize that, you know -- or the funds had a much higher interest, which was 90,000,000 versus a lot less from the other of them, and there is nothing to say about the adequacy or typicality of the funds.  So the fact that they opted out is that they have allowed -- that they haven't rebutted the presumption, as they're required to do at the time.

THE COURT:  Okay.  And so your view is that the other -- any other plaintiff, whether or not they're seeking to be the lead, in the initial period, they have to rebut a finding that the Court has not yet made of the presumptive lead?

MS. GILMORE:  Yes.  That's part of the process, yes.  If they determined that they had any good arguments against rebutting the presumption, they were required to do so within the time contemplated by the statute.  The fact that they have -- each of them filed notices of non-opposition demonstrates that the funds are the -- should be appointed lead plaintiffs.

THE COURT:  Okay.  Anything further, Counsel?

MS. GILMORE:  I think it may -- for the Court

13

and -- if the Court may find it helpful, is a discussion about, you know, if there is a second notice, and it's not the case here, but it may -- I don't know if the Court may find it helpful.  I certainly found it helpful reading it, and I just wanted to put that on the record.

THE COURT:  Yes.  Sure.

MS. GILMORE:  And it's 2022 WL 304672, and it's called Cheng v. Activision Blizzard.  It just discusses the lead plaintiff process, and when and if there is a necessity for a second notice, it would be later on, if the amended complaint that would be filed by the funds here would differ in a very material way from the initial one that's on file now.

THE COURT:  Okay.  And what is the prejudice, if any, to you of the Court proceeding in the fashion that the Court is inclined to do, which is to announce that the Court has now made the finding that your clients are the presumptive lead Plaintiff, and any Plaintiff, whether they were seeking to be the lead Plaintiff themselves, or for any other reason, can try to rebut the presumption?

MS. GILMORE:  Well, other than we think it goes against the statute, and the goal of the statute, which is for the courts to appoint -- to speedily appoint a lead plaintiff for the class, you know, it's -- I think it will be probably a year or more from that time before the class

14

is represented by anybody.

THE COURT:  I'm sorry.  How do we get to a year?

MS. GILMORE:  Because the initial complaint was filed February 14, so, if we start -- if we give another 60 days for people to come forward and then put motions in, that's going -- you know, that's going to take us, probably, into February of next year, and, again, we haven't seen any -- we haven't seen this ever happen before.

THE COURT:  Yes, I understand, but -- I understand.  Anything further, Counsel?

MS. GILMORE:  Not at this point, your Honor.

THE COURT:  Okay.

MS. GILMORE:  We respectfully submit that the Court can and should appoint the funds now as the lead Plaintiffs.

THE COURT:  Understood.  Thank you.  Did you -- assuming that the Court is not inclined to proceed in the fashion that you identified, do you wish to speak to what period of time the Court should give for the rebutting of the presumption?

MS. GILMORE:  We prefer it's only probably 20 days, at most, I think, because the step has already happened.  Then the competing movants already had the time to come forward.  So certainly we wouldn't -- we don't believe that 60 days would be required or necessary in this

15

case at all.

THE COURT:  Okay.  Thank you.

MS. GILMORE:  Thank you, your Honor.

THE COURT:  Thank you.

I assume the Defendants don't need to be heard?

MR. VANZURA:  Correct, your Honor.  We appreciate that, and we defer to you as to how you prefer to proceed on this particular motion.

THE COURT:  Okay.  Wonderful.  Okay.  We'll proceed in that fashion.

I will consider the arguments, Counsel, that you've made, and the Court is not -- I do want to acknowledge that I have not seen other courts do it in this manner, but you can appreciate that I'm bound by the binding authority, and not by my colleagues on this or any other District Court, and I have to determine what I think the law actually says.  I'm sure that you appreciate that, but I appreciate your concerns about both the purpose of the statute to move with alacrity and all of the Plaintiffs' needs in this and every case to move the case along.  So I appreciate that as well.  We'll take into account.

MS. GILMORE:  Thank you, your Honor.

THE COURT:  Okay.  Thank you, Counsel.

So, with that, I think we can close the hearing, and the Court will take the matter under submission.  Thank

16

you.

MS. GILMORE:  Thank you, your Honor.

THE COURT:  Thank you.

MR. VANZURA:  Thank you, your Honor.  Good morning.

MS. GILMORE:  Goodbye.

(Proceedings concluded.)

17

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


/s/Lorraine Caldwell                    10/25/2022
Transcriber                             Date


FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:


/s/L.L. Francisco
L.L. Francisco, President
Echo Reporting, Inc.