UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEMENT MASONS' AND PLASTERERS' LOCAL NO. 502 PENSION FUND, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INMODE LTD., MOSHE MIZRAHY, YAIR MALCA, SHAKIL LAKHANI, and SPERO THEODOROU,<br><br>Defendants. | Case No.: 2:24-cv-01219-MEMF-MRW<br><br>**ORDER GRANTING MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL [ECF NO. 29]** |

On April 15, 2024, Meitav Provident and Pension Funds Ltd. ("Meitav Provident") and Meitav Mutual Funds Ltd. ("Meitav Mutual" and, collectively with Meitav Provident, the "Meitav Funds"); and Kranot Hishtalmut Le Morim Tichoniim Morey Seminarim Ve Mefakhim Hevra Menahelet Ltd. and Kranot Hishtalmut Le Morim Ve Gananot Hevra Menahelet Ltd. (collectively, the "Teachers Funds" and, together with the Meitav Funds, the "Funds") filed a motion for appointment as Lead Plaintiffs and approval of Pomerantz LLP ("Pomerantz") as Lead Counsel in the above-captioned action (the "Action") (the "Lead Plaintiff Motion"). ECF No. 29.

In its Order of October 24, 2024, ECF No. 56, the Court held the Lead Plaintiff Motion in abeyance, finding that pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B)(iii), the Funds were the presumptive lead plaintiff in this action. In that Order, the Court established a procedure for other plaintiffs to challenge this presumption within 30 days.  The Funds have advised the Court that they published notice of the Court's Order as required and no challenges were filed within 30 days. ECF No. 60. The Court therefore finds that the presumption has not been rebutted.

Accordingly, the Court, having considered the Funds' motion of for appointment as Lead Plaintiffs and approval of Lead Counsel, and finding good cause therefor, hereby GRANTS the Lead Plaintiff Motion and ORDERS as follows:

1. The Funds satisfy the requirements for Lead Plaintiffs pursuant to Section 21D(a)(3)(B)(iii) of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

2. Lead Plaintiffs, pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, have selected and retained Pomerantz as Lead Counsel.

3. Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

(a) to coordinate the briefing and argument of motions;

(b) to coordinate the conduct of discovery proceedings;

(c) to coordinate the examination of witnesses in depositions;

(d) to coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

(e) to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

(f) to coordinate all settlement negotiations with counsel for defendants;

(g) to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

   (h)  to supervise any other matters concerning the prosecution, resolution or settlement of the Action.

4. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs.  No settlement negotiations shall be conducted without the approval of Lead Counsel.

5. Every pleading in this Action, and any related action that is consolidated with this Action, shall hereafter bear the following caption:

UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA

| IN RE INMODE LTD. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO: | Case No.  2:24-cv-01219-MEMF-MRW<br><br><u>CLASS ACTION</u><br><br>[TITLE OF DOCUMENT] |
|---|---|

6. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:".  When the document applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the name of the first-listed plaintiff in said action.

7. Counsel in any related action that is consolidated with this Action shall be bound by this organization of plaintiffs' counsel.

8. Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

9. Lead Counsel shall be the contact between plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.

10. Defendants shall effect service of papers on plaintiffs by serving a copy of same on Lead Counsel by overnight mail service, electronic or hand delivery.  Plaintiffs shall effect service of

papers on defendants by serving a copy of same on defendants' counsel by overnight mail service, electronic or hand delivery.

      11.    During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information, and materials such as computerized data and electronic mail, containing information which is relevant or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

IT IS SO ORDERED.

Dated: December 4, 2024

                     MAAME EWUSI-MENSAH FRIMPONG
                           United States District Judge