**WILLKIE FARR & GALLAGHER LLP**
Glenn K. Vanzura (SBN 238057)
 GVanzura@willkie.com
Arev H. Hovsepian (SBN 348222)
 AHovsepian@willkie.com
Zoe R. Goldberg (SBN 353799)
 ZGoldberg@willkie.com
2029 Century Park East, Suite 2900
Los Angeles, CA 90067-2905
Telephone:     (310) 855-3000

Joshua S. Levy (*Admitted Pro Hac Vice*)
 JLevy@willkie.com
1875 K Street, N.W.
Washington, D.C. 20006
Telephone:     (202) 303-1000

*Attorneys for Defendants*
*InMode Ltd., Moshe Mizrahy,*
*Yair Malca, Shakil Lakhani,*
*Spero Theodorou, and Michael Kreindel*

**WILLKIE FARR & GALLAGHER LLP**
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| IN RE INMODE LTD. SECURITIES LITIGATION | Case No. 2:24-cv-1219-MEMF-MBK |
| | CLASS ACTION |
| | Hon. Maame Ewusi-Mensah Frimpong<br>Courtroom 8B – First Street |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | **DEFENDANTS' REQUEST TO CONSIDER DOCUMENT UNDER THE INCORPORATION-BY-REFERENCE DOCTRINE OR BY JUDICIAL NOTICE IN THEIR MOTION TO DISMISS** |
| | *Filed concurrently with Notice of Motion and Motion to Dismiss, Memorandum of Points and Authorities in Support Thereof, Declaration of Glenn K. Vanzura, and [Proposed] Order* |
| | Date:         March 26, 2026<br>Time:         10:00 a.m.<br>Crtrm.:       8B |
| | Action Filed:   February 14, 2024<br>Trial Date:     None set |

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants InMode Ltd. ("InMode"), Moshe Mizrahy, Yair Malca, Shakil Lakhani, Spero Theodorou, and Michael Kreindel (collectively, "Defendants") respectfully request that, in connection with their Motion to Dismiss (the "Motion") the Second Amended Complaint for Violations of the Federal Securities Laws (the "SAC"; ECF No. 93), the Court consider the publicly available document (the "Exhibit" or "Ex.") appended as Exhibit 1 to the accompanying Declaration of Glenn K. Vanzura under the incorporation-by-reference doctrine and/or by judicial notice.

## PRELIMINARY STATEMENT

Pursuant to the incorporation-by-reference doctrine and Federal Rule of Evidence 201, Defendants respectfully request that the Court consider the publicly available article published in *The Capitol Forum* ("*TCF*") on February 17, 2023 (Ex. 1). The Court granted Defendants' prior request to take judicial notice of this same document (ECF No. 78) in connection with Defendants' motion to dismiss Plaintiffs' Amended Complaint (the "1AC"; ECF No. 64), because "*The Capitol Forum*'s article[] published online on February 17, 2023," is "incorporated by reference into the 1AC" (Sept. 12, 2025 Order (the "Order"; ECF No. 91) at 15). The Court should again judicially notice this Exhibit for the same reason: it is "incorporated by reference" into the SAC and its "accuracy and authenticity are not subject to dispute." (Order at 14 (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023 (C.D. Cal. 2008).)[1]

## LEGAL STANDARD

"On a motion to dismiss," courts must "consider the complaint," "materials submitted with and attached to the Complaint," and certain "[d]ocuments not attached to the complaint—including documents that might otherwise be subject to judicial notice[.]" (*Id.* at 13 (citing *United States v. Corinthian Colls.*, 655 F.3d 984, 998 (9th Cir. 2011)).) Under the "'incorporation by reference' doctrine," a "'defendant may seek to incorporate a document into

---

[1] Unless otherwise indicated, all internal alterations, quotations, and citations are omitted, and all emphasis is added.

the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" (*Id.* at 14 (quoting *Khoja*, 899 F.3d at 1002).) Under Rule 201 of the Federal Rules of Evidence, a "court may judicially notice facts that: '(1) are generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" (*Id.* at 13 (quoting Fed. R. Evid. 201(b).) "Courts may take judicial notice of public-facing websites whose accuracy and authenticity are 'not subject to dispute.'" (*Id.* at 14 (quoting *Amgen*, 544 F. Supp. 2d at 1023).)

## ARGUMENT

Here, the Court should consider the Exhibit in connection with Defendants' Motion for at least three reasons.

***First***, the Court already "judicially notice[d] . . . *The Capitol Forum*'s article[] published online on February 17, 2023," because it is "incorporated by reference into the 1AC," which "cites to th[is] article[] extensively." (Order at 15.) The Exhibit is likewise incorporated by reference into the SAC, which cites the February 17, 2023 *TCF* article extensively. (SAC ¶¶ 6, 204–05.)

***Second***, the SAC expressly alleges that "the truth emerge[d]" through the February 17, 2023 *TCF* article. (*Id.* ¶¶ 203–05.) It is settled law that Courts can—and should—analyze the source documents underlying alleged "corrective disclosures" on a motion to dismiss in a shareholder class action. *In re Nektar Therapeutics Sec. Litig.*, 34 F.4th 828, 839–40 (9th Cir. 2022) (analyzing online short-seller report to determine whether the complaint adequately alleged loss causation).

***Finally***, the Exhibit is "judicially noticeable 'for the fact that [it] exist[s],'" (Order at 14 (quoting *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 984 (N.D. Cal. 2010)), and its "accuracy and authenticity are 'not subject to dispute'" (*id.* (*Amgen*, 544 F. Supp. 2d at 1023)).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider the Exhibit under the incorporation-by-reference doctrine and/or Federal Rule of Evidence 201(b).

DEFENDANTS' REQUEST TO CONSIDER DOCUMENT UNDER THE INCORPORATION-BY-REFERENCE DOCTRINE OR BY JUDICIAL NOTICE IN THEIR MOTION TO DISMISS

**WILLKIE FARR & GALLAGHER LLP**
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

Date: December 5, 2025

WILLKIE FARR & GALLAGHER LLP

By:    */s/ Glenn K. Vanzura*

Glenn K. Vanzura (SBN 238057)
GVanzura@willkie.com
Arev H. Hovsepian (SBN 348222)
AHovsepian@willkie.com
Zoe R. Goldberg (SBN 353799)
ZGoldberg@willkie.com
2029 Century Park East, Suite 2900
Los Angeles, CA 90067-2905
Telephone: (310) 855-3000

Joshua S. Levy (*Admitted Pro Hac Vice*)
JLevy@willkie.com
1875 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 303-1000

*Attorneys for Defendants*
*InMode Ltd., Moshe Mizrahy,*
*Yair Malca, Shakil Lakhani,*
*Spero Theodorou, and Michael Kreindel*

**WILLKIE FARR & GALLAGHER LLP**
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

4

DEFENDANTS' REQUEST TO CONSIDER DOCUMENT UNDER THE INCORPORATION-BY-REFERENCE DOCTRINE OR BY JUDICIAL NOTICE IN THEIR MOTION TO DISMISS