**WILLKIE FARR & GALLAGHER LLP**
Glenn K. Vanzura (SBN 238057)
 GVanzura@willkie.com
Arev H. Hovsepian (SBN 348222)
 AHovsepian@willkie.com
Zoe R. Goldberg (SBN 353799)
 ZGoldberg@willkie.com
2029 Century Park East, Suite 2900
Los Angeles, CA 90067-2905
Telephone: (310) 855-3000

Joshua S. Levy (*Admitted Pro Hac Vice*)
 JLevy@willkie.com
1875 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 303-1000

*Attorneys for Defendants*
*InMode Ltd., Moshe Mizrahy,*
*Yair Malca, Shakil Lakhani, Spero*
*Theodorou, and Michael Kreindel*

*WILLKIE FARR & GALLAGHER LLP*
*2029 CENTURY PARK EAST, SUITE 2900*
*LOS ANGELES, CA 90067*
*310.855.3000*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| IN RE INMODE LTD. SECURITIES LITIGATION | Case No. 2:24-cv-1219-MEMF-MBK |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Hon. Maame Ewusi-Mensah Frimpong Courtroom 8B – First Street |
| | **DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| | Date:        April 23, 2026 Time:        10:00 a.m. Crtrm:       8B |
| | Action Filed:  February 14, 2024 Trial Date:    None Set |

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

# TABLE OF CONTENTS

*Page*

PRELIMINARY STATEMENT ......................................................................................................1

ARGUMENT...............................................................................................................................3

    I.      The Opposition Confirms That The SAC Fails To Plead
          Loss Causation For The Marketing And Safety Statements....................................3

    II.     The Opposition Confirms That The SAC Fails To Plead
          That The Pricing Statements Were Materially Misleading
          Or Made With Fraudulent Intent..............................................................................7

         A.     As A Matter Of Law, The Court May Evaluate All
               Allegations, Claims, And Dismissal Arguments When
               Plaintiffs File An Amended Complaint ......................................................7

         B.     The Opposition Confirms That The SAC Fails To
               Allege The Facts Necessary To Evaluate The Pricing
               Statements' Comparisons..........................................................................9

    III.    The Opposition Confirms That The SAC Fails To Plead
          Claims Against The Individual Defendants............................................................11

    IV.    The Opposition Confirms That The SAC Should Be Dismissed
          With Prejudice ......................................................................................................12

CONCLUSION.........................................................................................................................12

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

**TABLE OF AUTHORITIES**

*Page(s)*

**Cases**

*In re 5-Hour ENERGY Mktg. & Sales Prac. Litig.*,
   2015 WL 12734796 (C.D. Cal. Jan. 22, 2015) ..........................................................................8

*A&B Beverage Co., LLC v. Coca-Cola Co.*,
   2016 WL 11966887 (C.D. Cal. May 20, 2016) .........................................................................8

*Arizona v. California*,
   460 U.S. 605 (1983)..................................................................................................................9

*Askins v. U.S. Dep't of Homeland Sec.*,
   899 F.3d 1035 (9th Cir. 2018) .............................................................................................2, 8

*Babakhanlou v. Los Angeles Cnty.*,
   2025 WL 2304271 (C.D. Cal. May 29, 2025) ..........................................................................8

*Benson Ave. Co. LLC v. ARRI Ams. Inc.*,
   2025 WL 2684035 (C.D. Cal. Aug. 14, 2025)..........................................................................8

*In re BofI Holding, Inc. Sec. Litig.*,
   977 F.3d 781 (9th Cir. 2020) ...................................................................................................2

*Christianson v. Colt Indus. Operating Corp.*,
   486 U.S. 800 (1988)..................................................................................................................9

*In re Cloudera Inc. Sec. Litig.*,
   2021 WL 2115303 (N.D. Cal. May 25, 2021).........................................................................11

*Dura Pharms., Inc. v. Broudo*,
   544 U.S. 336 (2005)..................................................................................................................3

*Forest Ambulatory Surgical Assocs., L.P. v. Ingenix, Inc.*,
   2013 WL 11323601 (C.D. Cal. Dec. 13, 2013) ........................................................................8

*Forsyth v. Humana, Inc.*,
   114 F.3d 1467 (9th Cir. 1997) ..................................................................................................8

*Garbaccio v. Starbucks Corp.*,
   2025 WL 3496252 (W.D. Wash. Dec. 5, 2025) .......................................................................9

*In re Gilead Scis. Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) ..................................................................................................7

*Glazing Emps. & Glaziers Union Local #27 Pension & Ret. Fund v. iRhythm Techs., Inc.*,
   2025 WL 3128193 (N.D. Cal. Nov. 7, 2025) ...........................................................................9

ii

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

*Grausz v. Hershey Co.*,
   2024 WL 3836100 (S.D. Cal. Aug. 15, 2024) ............................................................... 8, 9

*Howard v. Everex Sys., Inc.*,
   228 F.3d 1057 (9th Cir. 2000) ............................................................................................ 12

*Innovative Sols. Int'l, Inc. v. Houlihan Trading Co.*,
   2025 WL 1135037 (W.D. Wash. Apr. 17, 2025) ................................................................. 9

*Kihagi v. City of West Hollywood*,
   2015 WL 13914867 (C.D. Cal. Aug. 6, 2015) ............................................................... 8, 11

*Kona Enters., Inc. v. Est. of Bishop*,
   229 F.3d 877 (9th Cir. 2000) ............................................................................................... 9

*Lacey v. Maricopa Cnty.*,
   693 F.3d 896 (9th Cir. 2012) ............................................................................................... 8

*Lauderdale v. NFP Ret., Inc.*,
   2022 WL 422831 (C.D. Cal. Feb. 8, 2022) .......................................................................... 8

*Loos v. Immersion Corp.*,
   762 F.3d 880 (9th Cir. 2014) ............................................................................................... 7

*Lopez v. Dang*,
   2022 WL 1567452 (C.D. Cal. Apr. 21, 2022) ................................................................. 2, 8

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
   571 F.3d 873 (9th Cir. 2009) ............................................................................................... 9

*Merritt v. Barclays PLC*,
   2025 WL 1906688 (C.D. Cal. July 10, 2025) .................................................................... 3

*Mineworkers' Pension Scheme v. First Solar Inc.*,
   881 F.3d 750 (9th Cir. 2018) ........................................................................................... 4, 6

*N.Y. Hotel Trades Council & Hotel Ass'n v. Impax Labs. Inc.*,
   843 F. App'x 27 (9th Cir. 2021) ...................................................................................... 6, 7

*In re Nektar Therapeutics Sec. Litig.*,
   34 F.4th 828 (9th Cir. 2022) ............................................................................................... 2

*Nova Scotia Health Emps.' Pension Plan v. Comerica Inc.*,
   2026 WL 323711 (9th Cir. Feb. 6, 2026) ........................................................................ 3, 5

*Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*,
   774 F.3d 598 (9th Cir. 2014) ........................................................................................... 2, 4

*In re Oracle Corp. Sec. Litig.*,
   627 F.3d 376 (9th Cir. 2010) ............................................................................................... 5

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

*In re Peregrine Sys., Inc. Sec. Litig.*,
  2005 WL 8158825 (S.D. Cal. Mar. 30, 2005) ................................................................ 12

*Sivakova v. Am. Honda Motor Co., Inc.*,
  2025 WL 2324632 (C.D. Cal. July 17, 2025) ................................................................ 8, 9

*Smilovits v. First Solar Inc.*,
  119 F. Supp. 3d 978 (D. Ariz. Aug. 11, 2015) ................................................................ 4

*Smilovits v. First Solar, Inc.*,
  2012 WL 6574410 (D. Ariz. Dec. 17, 2012) ................................................................ 6

*Strigliabotti v. Franklin Res., Inc.*,
  398 F. Supp. 2d 1094 (N.D. Cal. Nov. 9, 2005) ................................................................ 9

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
  551 U.S. 308 (2007) ................................................................ 11

*Tremblay v. OpenAI, Inc.*,
  742 F. Supp. 3d 1054 (N.D. Cal. July 30, 2024) ................................................................ 8

*United States v. Gartenlaub*,
  2024 WL 4987258 (9th Cir. Dec. 5, 2024) ................................................................ 9

*United States v. Jingles*,
  702 F.3d 494 (9th Cir. 2012) ................................................................ 9

*United States v. Lacey*,
  2023 WL 3750776 (D. Ariz. June 1, 2023) ................................................................ 9

*United States v. Lummi Indian Tribe*,
  235 F.3d 443 (9th Cir. 2000) ................................................................ 9

*In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*,
  903 F. Supp. 2d 880 (C.D. Cal. Sep. 6, 2012) ................................................................ 8

*Zucco Partners, LLC v. Digimarc Corp.*,
  552 F.3d 981 (9th Cir. 2009) ................................................................ 10

**Statute**

15 U.S.C. § 78u-4 ................................................................ 3, 11

**Rules**

Fed. R. Civ. P. 8 ................................................................ 4

Fed. R. Civ. P. 9(b) ................................................................ 3, 4

Fed. R. Civ. P. 54(b) ................................................................ 7

**WILLKIE FARR & GALLAGHER LLP**
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

**Other Authorities**

First Am. Compl., *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC
(D. Ariz. Aug. 17, 2012), ECF No. 93 .................................................................. 5

Second Am. Compl., *Fleming v. Impax Labs. Inc.*, No. 4:16-cv-06557-HSG
(N.D. Cal. Oct. 26, 2018), ECF No. 71 .................................................................. 6

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

Pursuant to the Court's October 21, 2025 Order (ECF No. 95), Defendants respectfully submit this Reply in further support of their Motion To Dismiss ("Motion" or "Mot."; ECF No. 97) and in response to Plaintiffs' Opposition ("Opposition" or "Opp."; ECF No. 99).[1]

### PRELIMINARY STATEMENT

Plaintiffs' Opposition is remarkable in its avoidance of most of the analysis in Defendants' Motion, and only confirms that the SAC should be dismissed. Specifically, the Opposition:

- Abandons any loss causation theory based on the February 17 and March 10, 2023 *TCF* articles;

- Admits that the Court correctly rejected the MOTR theory and concluded that the October 1 and December 6, 2023 guidance revisions fail to plead loss causation;

- Abandons the Marketing and Safety Statements the Court dismissed with prejudice, conceding the SAC re-alleged those Statements in violation of the Court's Order;

- Ignores the improper expert report that Plaintiffs attempted to slip into the SAC, and does not dispute that those allegations must be stricken or disregarded;

- Admits that Mizrahy's August 5, 2020 Pricing Statement related exclusively to sales outside the U.S., while the SAC fails to allege any facts regarding InMode's pricing outside the U.S.;

- Does not dispute that each Pricing Statement compares the prices of InMode's platforms to either the prices of its attachments or to its competitors' prices, and yet the SAC fails to allege any facts to describe attachment or competitor pricing;

- Does not dispute that the SAC's falsity theory for the Marketing Statements—that Defendants allegedly made ***public statements*** regarding off-label marketing—directly contradicts its loss causation theory, which is that Defendants ***concealed*** from investors the Company's supposed off-label marketing practices;

- Abandons any direct liability claims against Lakhani and Kreindel;

- Fails to identify a single well-pleaded allegation that Lakhani, Theodorou, or Kreindel controlled InMode or the statements at issue; and

- Does not oppose Defendants' request (ECF No. 98) that the Court consider and/or judicially notice the Exhibits submitted with the Motion.

The Opposition instead focuses on three meritless and contradictory arguments.

***First***, Plaintiffs ask the Court to revisit its determination that InMode's October 1 and December 6, 2023 revised revenue guidance announcements (the "Guidance") do not plead loss

---

[1] Unless otherwise indicated, all capitalized terms have the same meanings as in Defendants' Motion; all internal alterations, quotations, and citations are omitted; and all emphasis is added.

1

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

causation. Notably, the SAC does not allege a single new fact in support of Plaintiffs' loss causation theory; the SAC simply replaces the phrase "materialization of the risks" with the phrase "foreseeable consequence." The Opposition then argues that a plaintiff can automatically plead loss causation any time a company (1) announces an earnings miss or revised guidance, by (2) merely speculating, without any factual basis, that the miss or revision was "proximately caused" by some supposed fraud. That is not the law. As the Court has correctly held, under Ninth Circuit precedent, "the plaintiff's task is to allege *with particularity facts*" showing that an alleged corrective disclosure "provide[d] new information to the market in a way that the market would reasonably perceive these posts as revealing the falsity of the defendant's prior misstatements." (Order at 19 (citing *In re Nektar Therapeutics Sec. Litig.*, 34 F.4th 828, 840 (9th Cir. 2022); *In re BofI Holding, Inc. Sec. Litig.*, 977 F.3d 781, 791 (9th Cir. 2020); *Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 608 (9th Cir. 2014)).) The Opposition does not even attempt to argue that the SAC alleges facts—let alone with particularity—from which the Court can conclude that the market perceived InMode's Guidance as revealing that any of its prior statements were false.

**Second**, although Plaintiffs ask the Court to revisit its loss causation ruling, they do an about-face and argue that the Court cannot revisit its falsity ruling regarding the Pricing Statements unless the motion for reconsideration criteria are met. Plaintiffs yet again invent a standard that the Ninth Circuit has not imposed. Plaintiffs "elect[ed] to file an amended complaint." *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042–43 (9th Cir. 2018). Under Ninth Circuit law, an amended complaint "requires a new determination" in which the "district court is not [] bound by any law of the case," and no motion for reconsideration is necessary. *Id.* What's more, Plaintiffs shamelessly argue that *only a plaintiff* can revisit a prior motion to dismiss ruling, while "*a defendant* is properly precluded from another bite at the apple on a subsequent motion to dismiss." (Opp. at 13.) Plaintiffs cite no authority for this one-way ratchet. This is because—contrary to Plaintiffs' unsupported argument—the Ninth Circuit has affirmed that "defendants moving to dismiss an amended complaint" may be permitted "to make arguments previously made and to raise new arguments that were previously available." *Lopez*

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

*v. Dang*, 2022 WL 1567452, at *3 (C.D. Cal. Apr. 21, 2022), *aff'd*, 2023 WL 2301511 (9th Cir. Mar. 1, 2023).

Nearly half the Opposition is devoted to Plaintiffs' legally incorrect procedural argument because the SAC fails to plead facts showing that the Pricing Statements misled investors. The Opposition admits that the August 5, 2020 Pricing Statement related exclusively to InMode's pricing "outside U.S." and "in China," but the Opposition cannot identify a single fact alleged in the SAC about InMode's pricing outside the U.S. The Opposition further admits that the other Pricing Statements compared either InMode's pricing strategy to its competitors', or platform prices to attachment prices, and that the SAC does not make a single allegation about those comparative prices. The Opposition thus concedes that the SAC offers the Court no factual basis to evaluate the truthfulness of the comparative Pricing Statements.

***Finally***, Plaintiffs misstate the legal standard for Section 20(a) control-person liability, which requires the SAC to allege facts showing that each Individual Defendant controlled the Company's day-to-day operations or the challenged statements. The Opposition does not identify any well-pleaded facts in the SAC showing that Lakhani controlled InMode's operations or Mizrahy's or Malca's oral Pricing Statements.

For these reasons, and those set forth in the Motion and below, the SAC should be dismissed in its entirety and with prejudice.

### ARGUMENT

### I.     The Opposition Confirms That The SAC Fails To Plead Loss Causation For The Marketing And Safety Statements.

Plaintiffs do not dispute that "[l]oss causation, 'i.e., a causal connection between the material misrepresentation and the loss' is a basic element of a Section 10(b) claim." *Nova Scotia Health Emps.' Pension Plan v. Comerica Inc.*, 2026 WL 323711, at *1 (9th Cir. Feb. 6, 2026) (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 342 (2005)). Plaintiffs also admit that, under Rule 9(b) and the PSLRA, "'the heightened [pleading] requirements apply to the *particularity* of the allegations'" for loss causation. (Opp. at 5 (quoting *Merritt v. Barclays PLC*, 2025 WL 1906688, at *10 n.10 (C.D. Cal. July 10, 2025) (Frimpong, J.)) (emphasis in

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

original).)[2] Plaintiffs further do not challenge the Court's holding that "Plaintiffs failed to properly allege loss causation under the corrective disclosure theory associated with the *Capitol Forum* articles published in February and March 2023 because the FAC did not plead 'with particularity that the injuries reported in those articles are due to off-label uses of the products.'" (Opp. at 18 (quoting Order at 15, 29).) Plaintiffs also concede that the Guidance cannot support a "materialization of risk theory" of loss causation, because this Court correctly "noted [that theory] was never expressly adopted by the Ninth Circuit." (*Id.* at 3 n.2.) Plaintiffs nonetheless try the same failed MOTR theory for the Guidance by simply re-labeling it "a proximate cause theory" based on "foreseeable consequences" (*id.*), as shown in the SAC's revisions (at 94):

> 183.211.    InMode's downward revenue guidance was also a foreseeable consequencematerialization of the Company's undisclosed practicerisks that InMode

Plaintiffs further argue that the SAC can seize on a stock price decline following revised revenue guidance, and then claim—without making any factual allegations connecting the two—that the revised guidance "was a foreseeable consequence of Defendants' undisclosed practice of heavily discounting its systems and its inability to continue marketing … for off-label purposes." (Opp. at 4–5.) By Plaintiffs' logic, any shareholder complaint that points to revised guidance and uses the magic words "foreseeable consequence" adequately pleads loss causation. (*Id.* at 9–10.) "[S]uch a rule would be an improper form of investor insurance." *Smilovits v. First Solar Inc.*, 119 F. Supp. 3d 978, 991 (D. Ariz. Aug. 11, 2015), *aff'd sub nom. Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750, 753 (9th Cir. 2018). Rather, as Plaintiffs' authority confirms, the SAC must plead facts that "show a causal connection between the fraud and the loss by tracing the loss back to the very facts about which the defendant lied." (Opp. at 4 (quoting *First Solar*, 881 F.3d at 753).) Indeed, just this month, the Ninth Circuit

---

[2] The Opposition suggests that the loss causation "inquiry is one of plausibility" under Rule 8. (Opp. at 5; *see also id.* at 3–4 (applying the *Twombly* standard for plausibility).) That suggestion, however, has been expressly rejected by the Ninth Circuit. Specifically, the Ninth Circuit held in *Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.* that the particularity requirement of "Rule 9(b) applies to all elements of a securities fraud action, including loss causation." 774 F.3d at 605.

4

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

reaffirmed that a complaint's facts "must show that the market reacted to a fraudulent act itself rather than 'the purported "impact" of the alleged fraud.'" *Comerica*, 2026 WL 323711, at \*4 (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 392 (9th Cir. 2010)).

The Opposition does not point to a single well-pleaded factual allegation in the SAC that ties the Guidance to InMode's alleged discounting or off-label marketing. The Opposition merely repeats the same unsupported *speculation* that Plaintiffs attempted in opposition to the earlier motion to dismiss the FAC that: (1) "[h]igher interest rates influence borrowing costs and spending decisions"; (2) such "higher interest rates" *might have* led InMode "to offer even steeper discounts for their system"; and (3) these *hypothetical* "steeper discounts" *might have* "impact[ed] future revenues." (Opp. at 11; *see also* Mot. at 10–11; ECF No. 82 at 33–34; ECF No. 83 at 4–5.) Plaintiffs also again speculate that (1) off-label marketing *might have* led to higher revenue; (2) InMode had an *unspecified* "inability to continue marketing (and thus selling) its platforms for improper off-label uses"; and (3) these *hypothetical* lower sales *might have* "impacted InMode's revenues in North America." (*Id.*) Again, the Opposition does not cite any facts whatsoever in the SAC to support these speculative leaps.

The Opposition's authority (at 4–10) demonstrates precisely the kind of factual allegations missing here: In those cases, the plaintiffs pleaded particularized facts tying the alleged fraud to the company's stock drop. In *First Solar*, for example, the plaintiffs alleged facts showing that the company knew about "massive module defect problems" but "concealed the problem – and all associated charges and costs – from investors." First Am. Compl. ¶ 222, *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz. Aug. 17, 2012), ECF No. 93. The company later disclosed "costs associated with a modular replacement program" in its quarterly financials, its "stock price declined on this news," and stock analysts explicitly "linked this decline to investors' concern about the product problems and management failures to disclose the 'manufacturing excursion' for more than a year." *Id.* ¶ 224. The company later "slashed its 2011 guidance," which financial "media and analysts" noted "was attributable to massive charges for defective products." *Id.* ¶¶ 233–42. Based on these particularized allegations tying the revised guidance to the alleged fraud, the court held that the plaintiffs

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

5

adequately pleaded that "the precipitous drop in First Solar's stock price was the direct result of revelations about the extent of the remediation costs Defendants had concealed for years." *Smilovits v. First Solar, Inc.*, 2012 WL 6574410, at *7 (D. Ariz. Dec. 17, 2012) (denying motion to dismiss).[3] Here, the Opposition does not identify any analogous factual pleading in the SAC; for example, the SAC does not identify a single analyst noting that InMode's stock price declines were in any way related to any facet of the causal chain about which Plaintiffs speculate.

Similarly, in *Impax*, the plaintiffs alleged particularized facts obtained from "a joint complaint filed by the attorneys general of 20 states following a lengthy investigation" into generic drug manufacturers regarding a price-fixing conspiracy that "rested on 'general rules of the road' whereby manufacturers did not take advantage of another competitor's price increase by lowering prices to gain market share, but instead allowing each competitor to have a certain percentage of market share." Second Am. Compl. ¶ 28, *Fleming v. Impax Labs. Inc.*, No. 4:16-cv-06557-HSG (N.D. Cal. Oct. 26, 2018), ECF No. 71. The plaintiffs specifically alleged that "Impax's financial results were inflated through its participation in an anticompetitive cartel," these "grossly inflated prices attracted additional participants to the [drug] market during 2015," and this "additional competition" resulted in "declines in revenue, gross margins, and earnings" for Impax in May and August 2015, which caused the company's "stock price to fall." *Id.* ¶¶ 58, 455–61. Indeed, Impax itself and multiple financial analysts "specifically named additional competition" as "a primary cause" for the stock drops. *Id.* The Ninth Circuit held that these factual allegations adequately "allege[d] causation for the losses following these earnings announcements," because they "'trace[d] the loss'" from the earnings misses back to the company's "concession of market share pursuant to the price-fixing conspiracy," which were "'the very facts about which the defendant lied.'" *N.Y. Hotel Trades Council & Hotel Ass'n v. Impax Labs. Inc.*, 843 F. App'x 27, 31 (9th Cir. 2021) (quoting *First Solar*, 881 F.3d at 753). Here, again, the SAC does not cite any facts to show that InMode, analysts, investors, or anyone

---

[3] The Opposition relies on a later *First Solar* decision, which "was decided after summary judgment with extensive discovery and evidence." (Opp. at 5–6 (citing *First Solar*, 881 F.3d at 752).) That decision is thus inapplicable at the pleading stage here.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

6

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

else discerned that the Company's revised guidance or stock price declines were caused by alleged price discounts or off-label marketing. Plaintiffs offer only their own, after-the-fact "'speculation, [which] cannot form the basis of a viable loss causation theory.'" *Id.* (quoting *Loos v. Immersion Corp.*, 762 F.3d 880, 890 (9th Cir. 2014)).

Finally, in *Gilead*, the plaintiffs alleged that investor losses were caused by the revelation of Gilead's off-label marketing campaign. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1056 (9th Cir. 2008). Critically, the complaint "provide[d] abundant details" to show that Gilead concealed its off-label marketing before it was revealed, and alleged that "this led to higher demand for [the drug], which in turn inflated Gilead's stock price." *Id.* Here, the SAC does not provide "abundant details" about a ***concealed*** off-label marketing campaign. The SAC instead alleges that that Defendants ***publicly disclosed*** the purported off-label marketing throughout the Class Period. (*See* Mot. at 13–14.) The Opposition notably has no rebuttal to this distinction.

In sum, the Opposition parrots Plaintiffs' earlier, failed speculation and does not point to any well-pleaded or new factual allegations connecting InMode's alleged discounting or off-label marketing to the Guidance. Absent such allegations, the SAC does not meet the Ninth Circuit's established loss causation standard to plead that the Statements caused investor losses.

## II. The Opposition Confirms That The SAC Fails To Plead That The Pricing Statements Were Materially Misleading Or Made With Fraudulent Intent.

### A. As A Matter Of Law, The Court May Evaluate All Allegations, Claims, And Dismissal Arguments When Plaintiffs File An Amended Complaint.

The Opposition concedes that the Court's Order "may be revisited ***at any time*** before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Plaintiffs nonetheless argue that "the law of the case forecloses consideration" of Defendants' dismissal arguments unless they satisfy the requirements for "a motion for reconsideration." (Opp. at 11–14.) That is incorrect. "Once the plaintiff elects to file an amended complaint, the new complaint is the only operative complaint before the district court," which "requires a new determination" in which the "court is not [] bound by any law of the case," and is "free to correct any error or misunderstanding without having to find that its prior decision

was clearly erroneous." *Askins*, 899 F.3d at 1043; *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[T]he amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *abrogated on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012). Indeed, Plaintiffs' own authority (Opp. at 13) makes clear that "*Askins* applies to the present case," because "the Court is reviewing Plaintiff's amended pleadings on its own merits." *Grausz v. Hershey Co.*, 2024 WL 3836100, at *6 (S.D. Cal. Aug. 15, 2024) (citing *Askins*, 899 F.3d at 1038, 1042); *see also Sivakova v. Am. Honda Motor Co., Inc.*, 2025 WL 2324632, at *4 (C.D. Cal. July 17, 2025) ("Here, the Court is not considering whether the law of the case doctrine applies to the matter at hand—the Court does not believe that it is in any sense 'precluded' from considering the arguments Defendant (re-)makes.").

Plaintiffs give their gamesmanship away by arguing that *Askins* is a one-way ratchet that benefits only plaintiffs, while defendants are supposedly "precluded from getting another bite at the apple on a subsequent motion to dismiss where no change has been made to a claim the Court already upheld." (Opp. at 13.) That is not the law. Courts in this Circuit have repeatedly applied *Askins* and *Forsyth* to "'permit[] defendants moving to dismiss an amended complaint to make arguments previously made and to raise new arguments that were previously available.'" *Lopez*, 2022 WL 1567452, at *3 (quoting *In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 903 F. Supp. 2d 880, 893 (C.D. Cal. Sep. 6, 2012)).[4] Plaintiffs here have "chosen to amend their complaint in lieu of proceeding with their remaining claims"; the SAC thus supersedes the FAC and "Defendants are not held to the reconsideration standards." *WellPoint*, 903 F. Supp. 2d at 894; *see also Kihagi*, 2015 WL 13914867, at *3 ("[T]his Court's decision on the previous motion to dismiss is not dispositive of Defendants' arguments concerning this motion. With the benefit of additional briefing regarding this issue, the Court takes the

---

[4] *See also Benson Ave. Co. LLC v. ARRI Ams. Inc.*, 2025 WL 2684035, at *2 (C.D. Cal. Aug. 14, 2025); *Babakhanlou v. Los Angeles Cnty.*, 2025 WL 2304271, at *8 n.4 (C.D. Cal. May 29, 2025); *Tremblay v. OpenAI, Inc.*, 742 F. Supp. 3d 1054, 1057 (N.D. Cal. 2024); *Lauderdale v. NFP Ret., Inc.*, 2022 WL 422831, at *3 (C.D. Cal. Feb. 8, 2022); *A&B Beverage Co., LLC v. Coca-Cola Co.*, 2016 WL 11966887, at *4 (C.D. Cal. May 20, 2016); *Kihagi v. City of West Hollywood*, 2015 WL 13914867, at *3 (C.D. Cal. Aug. 6, 2015); *In re 5-Hour ENERGY Mktg. & Sales Prac. Litig.*, 2015 WL 12734796, at *1 n.1 (C.D. Cal. Jan. 22, 2015); *Forest Ambulatory Surgical Assocs., L.P. v. Ingenix, Inc.*, 2013 WL 11323601, at *8–9 (C.D. Cal. Dec. 13, 2013).

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

opportunity to reassess the merit of Defendants'" defense to amended complaint allegations.).

The Opposition does not cite a single Ninth Circuit decision to the contrary. (*See* Opp. at 12–15.) It instead refers to mostly unpublished district court decisions where, unlike here, (1) a party explicitly moved for reconsideration, *see Garbaccio v. Starbucks Corp.*, 2025 WL 3496252, at *1–2 (W.D. Wash. Dec. 5, 2025);[5] (2) plaintiffs did not file an amended complaint, *see Glazing Emps. & Glaziers Union Local #27 Pension & Ret. Fund v. iRhythm Techs., Inc.*, 2025 WL 3128193, at *1, *4 (N.D. Cal. Nov. 7, 2025); *Strigliabotti v. Franklin Res., Inc.*, 398 F. Supp. 2d 1094, 1098 (N.D. Cal. Nov. 9, 2005); (3) a party brought a motion the court "construed as a motion for reconsideration," because it asked the court "to perform a *de novo* review of its own rulings," *Grausz*, 2024 WL 3836100, at *6; *see Sivakova*, 2025 WL 2324632, at *3–5 (same);[6] (4) the Ninth Circuit previously affirmed denial of the motion to dismiss, *see United States v. Gartenlaub*, 2024 WL 4987258, at *1–2 (9th Cir. Dec. 5, 2024) (citing *United States v. Jingles*, 702 F.3d 494, 499 (9th Cir. 2012));[7] or (5) the court generally discussed the "the law-of-the-case doctrine," which is ***discretionary***, because a "court has the power to revisit prior decisions of its or of a coordinate court in any circumstance," *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (citing *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)); *see also United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000).

**B.    The Opposition Confirms That The SAC Fails To Allege The Facts Necessary To Evaluate The Pricing Statements' Comparisons.**

The Opposition argues that the "FAC adequately alleged that" each Pricing Statement, "'even when taken in its full context, is a material misrepresentation of InMode's true pricing model.'" (Opp. at 14 (quoting Order at 21).) This argument is wrong for three reasons.

***First***, Plaintiffs do not seriously dispute that the SAC fails to allege any facts showing that Mizrahy's August 5, 2020 statement regarding InMode's pricing and strategy "outside

---

[5] *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880–81 (9th Cir. 2009); *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Innovative Sols. Int'l, Inc. v. Houlihan Trading Co.*, 2025 WL 1135037, at *1 (W.D. Wash. Apr. 17, 2025).

[6] *Sivakova* does not cite any Circuit authority for its assertion that defendants can challenge "only the amended material" in an amended complaint. 2025 WL 2324632, at *4.

[7] *See also United States v. Lacey*, 2023 WL 3750776, at *2 (D. Ariz. June 1, 2023).

9

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

U.S." and "in China" was materially misleading. (Mot. at 16 (quoting SAC ¶ 170).) Plaintiffs did not even try to defend this Pricing Statement in the FAC when Defendants' first motion to dismiss challenged it. (*See id.* at 17 n.7.) This time, Plaintiffs drop a footnote referring to non-specific allegations by low-level confidential witnesses that InMode's "practice of routinely discounting its systems was 'companywide' and a 'common practice.'" (Opp. at 17 n.10 (quoting SAC ¶¶ 57, 60).) Mizrahy's statement, though, does not even mention "discounting." (SAC ¶ 170.) Moreover, each witness was allegedly "a Territory Manager for InMode *in the United States*," and there is no allegation even suggesting they had knowledge of pricing practices in China or anywhere else outside the U.S. (SAC ¶¶ 27–28.) The law requires the SAC to allege facts from which the Court can conclude these low-level, U.S. former employees were "positioned to know" about InMode's pricing outside the U.S. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 996 (9th Cir. 2009). The Opposition points to no such factual allegations.

*Second*, Plaintiffs do not—and cannot—dispute that (1) each of the four remaining Pricing Statements is comparative; (2) the Court previously agreed with this; and (3) the SAC fails to allege any facts regarding the points of comparison made in the Statements. (*See* Opp. at 14–17; Mot. at 17–20.) For example, Plaintiffs admit that Malca's June 4, 2021 statement compared the prices of InMode's platforms to its consumables (Opp. at 15 (quoting FAC ¶ 147)), while Malca's March 15, 2023 statement compared InMode's prices to those of its competitors (*id.* (quoting SAC ¶¶ 162, 168)). Faced with these concessions, the Opposition cherry picks a three-word phrase from the Pricing Statements, strips the phrase from its context, and argues that "the falsity of Defendants' statements that they 'do not discount' their platforms may be shown without" any factual allegations regarding the comparisons that the statements' full context plainly described. (Opp. at 16.) That full context makes clear that the Pricing Statements were not solely about "discounting"—each expressly mentioned discounts in the context of comparing InMode's platform prices to "the prices at which competitors offers their products" or "the prices of InMode's platforms vs. the prices of their attachments." (*Id.*) There can be no reasonable dispute that whether InMode "discounted their platforms" does not alone illuminate the truth or falsity of the more complete statements—i.e., even if accepted as true,

10

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

that alone does not "establish a contradiction between the alleged materially misleading statements and reality," because the SAC's allegations do not provide any basis to evaluate the comparisons the Pricing Statements described. *In re Cloudera Inc. Sec. Litig.*, 2021 WL 2115303, at \*11 (N.D. Cal. May 25, 2021) (cleaned up), *aff'd*, 121 F.4th 1180 (9th Cir. 2024).[8]

*Finally*, even if the Court concludes that Mizrahy's and Malca's references to discounting, when read in their full context, could have misled a reasonable investor, the PSLRA and Supreme Court dictate that the Court must take a step back and consider whether the SAC *also* alleges *particularized factual allegations about Mizrahy's and Malca's states of mind* from which the Court can draw a *strong inference* that they each *intended to commit securities fraud* by misleading investors when making the pricing comparisons. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 313–14 (2007). The Opposition points to no such facts.

For all of these reasons, the Court may "take[] the opportunity to reassess the merit[s]" of the SAC's allegations regarding the Pricing Statements, and should dismiss all claims based on these statements for failure to plead falsity, scienter, or both. *Kihagi*, 2015 WL 13914867, at \*3 (dismissing third amended complaint after denying motion to dismiss second amendment).

### III.    The Opposition Confirms That The SAC Fails To Plead Claims Against The Individual Defendants.

Plaintiffs do not dispute that (1) the SAC fails to plead any claims against Kreindel, whose name does not appear even once in the Opposition; (2) the SAC fails to plead any claims against Theodorou with respect to the Pricing Statements; (3) the SAC fails to plead any claims against Lakhani with respect to the Marketing and Safety Statements; and (4) if the Court dismisses any primary Section 10(b) claims, then the Court must also dismiss any secondary Section 20(a) claims based on those primary claims. (*See* Opp. at 17–19; Mot. at 21–25.)

That leaves only the Section 20(a) claim against Lakhani based on the Pricing

---

[8] (*See* Mot. at 18–20 (collecting cases).) In addition, the Opposition notably also has no substantive answer to the fact that courts hold that "plaintiffs failed to plead facts rendering the statements misleading" where, as here, the challenged statements are comparative (*e.g.*, self-driving cars are "safer than a human driver"), but "the complaint contains no allegations allowing such comparison." (Opp. at 16 n.9; *see also* Mot. at 18–19.)

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

Statements. That claim rests solely on allegations that "Lakhani was the President of InMode's North America's division" and his name was supposedly listed in a "commission matrix" before the Class Period. (Opp. at 17–18 (citing SAC ¶¶ 21, 64).) The Ninth Circuit, however, has affirmed that "[t]he status or position of an alleged controlling person, by itself, is insufficient to presume or warrant a finding of power to control or influence." *In re Peregrine Sys., Inc. Sec. Litig.*, 2005 WL 8158825, at *74 (S.D. Cal. Mar. 30, 2005) (cleaned up), *aff'd*, 310 F. App'x 149 (9th Cir. 2009).[9] Indeed, Plaintiff's own authority (*see* Opp. at 17–18) establishes that the SAC "must 'show that Defendants were active in the day-to-day affairs of [InMode] or that they exercised specific control over the preparation and release of the [challenged] statements.'" (*Id.* (quoting *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1067 n.13 (9th Cir. 2000)).)

In *Howard*, the Ninth Circuit (1) reversed judgment as a matter of law for **the CEO** on a Section 20(a) claim based on his "participation in the day-to-day management of [the company] and his review and signature of the financial statements" at issue, 228 F.3d at 1065–66; and (2) affirmed summary judgment for **a director** on a Section 20(a) claim because "Plaintiff simply points to [the director's] general level of control but provides no specific indication that [the director] supervised or had any responsibility for the preparation of the financial statements" at issue, *id.* at 1067. Here, Lakhani was not even a director or C-suite executive—he was a regional division manager. (SAC ¶ 21.) In any event, the SAC makes no allegations to remotely suggest that he had day-to-day control over InMode or any role at all with respect to the oral Pricing Statements made by others. The Court should thus dismiss all claims against Lakhani.

**IV.    The Opposition Confirms That The SAC Should Be Dismissed With Prejudice.**

The Court should dismiss the SAC with prejudice, and should reject Plaintiffs' perfunctory request for "leave to amend." (Opp. at 19.) Plaintiffs have now had three bites at the apple to adequately plead their claims, and have not even attempted to show that a fourth bite would not be futile. (*See* Mot. at 25 (collecting cases).)

<strong><u>CONCLUSION</u></strong>

Defendants respectfully request that the Court dismiss the SAC with prejudice.

---

[9] Tellingly, Plaintiffs do not even attempt to distinguish *Peregrine*. (*See* Mot. at 21–24.)

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

Date: February 26, 2026

WILLKIE FARR & GALLAGHER LLP

By:    /s/ Glenn K. Vanzura
           Glenn K. Vanzura

Glenn K. Vanzura (SBN 238057)
GVanzura@willkie.com
Arev H. Hovsepian (SBN 348222)
AHovsepian@willkie.com
Zoe R. Goldberg (SBN 353799)
ZGoldberg@willkie.com
2029 Century Park East, Suite 2900
Los Angeles, CA 90067-2905
Telephone: (310) 855-3000

Joshua S. Levy (*Admitted Pro Hac Vice*)
JLevy@willkie.com
1875 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 303-1000

*Attorneys for Defendants InMode Ltd., Moshe Mizrahy, Yair Malca, Shakil Lakhani, Spero Theodorou, and Michael Kreindel*

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

**Certificate of Compliance**

Pursuant to paragraph 5 of the Court's Order Granting Joint Stipulation Re: Defendants' Motion To Dismiss Lead Plaintiffs' Second Amended Complaint (ECF No. 95), dated October 21, 2025, the undersigned, counsel of record for Defendants, certifies that the Reply memorandum in support of this Motion does not exceed 12 pages.

Date: February 26, 2026                    By:    */s/ Glenn K. Vanzura*
                                                  Glenn K. Vanzura

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

14
REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT